# NO. 12-07-00458-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 307TH* |
|  | § | *JUDICIAL DISTRICT COURT OF* |
| *T.D.M., A MINOR CHILD* | § | *GREGG COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Lindsey M. appeals the trial court order terminating her parental rights to her son, T.D.M. In her sole issue, she contends that Texas Family Code Section 263.405 denies constitutionally guaranteed due process of law to indigent parents who are appointed new counsel on appeal. We affirm.

### Background

The Department of Family and Protective Services filed a petition for protection of a child, for conservatorship, and for termination of the parent-child relationship four days after T.D.M.'s birth in September 2006. The Department was appointed temporary sole managing conservator of T.D.M. and he was placed in a foster home. He was returned to Lindsey in a monitored placement in March 2007. The Department again removed T.D.M. from Lindsey's home in July. On November 21, 2007, the trial court entered an order terminating Lindsey's parental rights. Through her appellate attorney, Lindsey timely filed a statement of points for appeal pursuant to Texas Family Code Section 263.405. On the day of the hearing, December 13, 2007, she filed an amended statement of points for appeal adding a claim that Section 263.405(i) is unconstitutional as applied

to indigent parents who have different appointed counsel for trial and appeal. After the hearing, the trial court found the appeal is frivolous as to the legal and factual sufficiency of the evidence. It found Lindsey to be indigent and ordered a transcription of the record of the December 13 hearing. The court refused to rule on Lindsey's constitutional complaint.

**DUE PROCESS**

In her sole issue, Lindsey asserts that Section 263.405(b) and (i) of the Texas Family Code violate the Fourteenth Amendment to the United States Constitution by denying due process of law to indigent parents who are appointed new counsel on appeal. She argues that the statutory procedures governing a parent's appeal from a decree that terminates the parent-child relationship violates the parent's right to procedural due process. Under the statute, a parent must file a statement of points to be appealed before a record of the trial has been produced. This limits appellate counsel's ability to know the points that should be included, thus preventing him from preserving those issues for appeal and impairing his ability to argue those points at the frivolousness hearing, especially if appellate counsel was not involved at the trial level. Thus, application of Section 263.405 might result in ineffective assistance of counsel in addition to waiver of other error.

**Applicable Law**

Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and imposes strict deadlines for the process. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon Supp. 2007). A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. *Id.* § 263.405(b). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. *Id.* § 263.405(i). The trial court must hold a hearing not later than the thirtieth day after the date the final order is signed to determine whether a new trial should be granted, whether a party's claim of indigence should be sustained, and whether the appeal is frivolous as provided by Texas Civil Practice and Remedies Code Section 13.003(b). *Id.* § 263.405(d). The test for determining if a party is indigent and therefore entitled to a free record is set forth in civil practice and remedies code Section 13.003 and requires, among other things, a finding that the appeal is not

frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (Vernon 2002). Therefore, the determination by the trial court that the appeal of the order of termination of parental rights is frivolous has the consequence of denying the indigent parent the right to a free clerk's record and reporter's record of the underlying trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A).

**Discussion**

Lindsey asserts that the operation of Section 263.405 is circular. She argues that "it prevents an indigent parent from obtaining a record until after the trial court rules on points that require a record to formulate and present." In other words, an indigent parent cannot obtain a free record until the trial court finds her appeal is not frivolous, a finding made after reviewing her points for appeal, which require assessment of the record to formulate. If the parent is able to formulate points without a record and presents those to the trial court, and if the trial court determines that the points presented are frivolous, the indigent parent, as in this case, will not receive a free record, or presumably any record, of the termination proceeding and therefore cannot discover errors to be raised on appeal that would entitle her to a new trial. Therein lies the rub.

We must avoid constitutional decisions until the issues are presented with clarity, precision, and certainty. *See **Rescue Army v. Mun. Court***, 331 U.S. 549, 576, 67 S. Ct. 1409, 1423, 91 L. Ed. 1666 (1947). Thus, we cannot decide abstract, hypothetical, or contingent questions. The subject matter jurisdiction of courts rests, in part, on the ripeness of the issues. ***Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.***, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness is one of several categories of justiciability. *See **Perry v. Del Rio***, 66 S.W.3d 239, 249 (Tex. 2001). Justiciability requires a concrete injury, a requirement based on the judicial prohibition against issuing advisory opinions. *See **Patterson***, 971 S.W.2d at 442-43.

Lindsey timely filed a Section 263.405 statement of points for appeal attacking the sufficiency of the evidence to support the findings on which the trial court relied in terminating her parental rights. Lindsey has not included issues in her brief attacking the trial court's determination that those sufficiency points are frivolous. Lindsey's sole complaint on appeal, that Section 263.405 is unconstitutional, is hypothetical rather than definite and concrete. While in some cases, upon studying the record of the trial court proceedings, an appellate attorney might uncover additional issues he would want to present for appellate review, we cannot declare a statute invalid based on

3

a hypothetical possibility that the law may be unreasonable. *See United States v. Coastal Ref. & Mktg., Inc.*, 911 F.2d 1036, 1044 (5th Cir. 1990).

Lindsey does not indicate how she personally was harmed by application of Section 263.405. That is, she does not suggest any appellate issue that she was prevented from raising as a result of Section 263.405 and does not show how any constitutional violation resulted in an improper judgment. *See In re J.J.*, No. 02-06-333-CV, 2008 Tex. App. LEXIS 1714, at *1 (Tex. App.–Fort Worth March 6, 2008, no pet. h.). Lindsey's sole complaint on appeal is hypothetical rather than definite and concrete. We overrule Lindsey's sole issue.

## DISPOSITION

Because Lindsey's sole issue is not ripe for review, we ***affirm*** the trial court's order of termination.

  SAM GRIFFITH  
Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4